United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 21, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

———————————————

No. 03-50910

———————————————

KEVIN JARVIS,

Plaintiff-Appellant

versus

CIRRUS LOGIC, INC.,

Defendant-Appellee.

———————————————————————————————————————————

Appeal from United States District Court
for the Western District of Texas
USDC No. A-02-CA-652-SS

———————————————————————————————————————————

Before DAVIS, PRADO, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Kevin Jarvis appeals from the district court's grant of summary judgment against him and in favor of his employer, Cirrus Logic, Inc., on his complaint of discrimination based on age and national origin under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. The district court entered a well-reasoned opinion carefully analyzing the summary judgment evidence in conjunction with the operative law on the subject in finding that there was no genuine issue of material fact for trial.

We review the district court's ruling on a motion for summary judgment *de novo*, applying the same legal standard as the district court. *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 2002)

As the district court noted, we also note that Jarvis admitted that he was qualified the same as or similar to the employees retained after the reduction in force (RIF). In order to succeed on a discrimination claim in a RIF situation, it is incumbent upon the terminated employee to prove that he was "clearly better qualified" than the retained employees. *Manning v. Chevron Chemical Co., LLC*, 332 F.3d 874, 882, n.4 (5th Cir. 2003)(explaining that the "clearly better qualified" standard still applies after the Supreme Court's decision in *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)).

After a careful review of the record, this court concludes that there was no genuine issue of material fact that would have entitled Jarvis to a trial on the merits. Therefore, for essentially the reasons cited in the district court's opinion, we AFFIRM.